IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02716-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

TIMOTHY EDWARD HOLZ,

    Applicant,

v.

CHARLES A. DANIELS, Warden,

    Respondent.

**ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES**

    Applicant, Timothy Edward Holz, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado.  He initiated this action by submitting *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3) together with a certified account statement.  The Court has reviewed the habeas corpus application and finds that Mr. Holz is asserting civil rights claims rather than habeas corpus claims.

    Mr. Holz complains in the application that Respondents violated his equal protection and due process rights by refusing to provide him with requested legal material (claim one) and violated his Eighth Amendment rights by being deliberately indifferent to his safety (claim two).  For relief, he asks to be placed in a "suitable state

prison facility that does not suffer overcrowding issues" (ECF No. 1 at 17), among other relief.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  It is well established in the Tenth Circuit that § 2241 is an improper vehicle for a prisoner to challenge the conditions of his confinement.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).  Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331.  *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011).  Mr. Holz is challenging the conditions of his confinement.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the submitted documents are deficient as described in this order.  Mr. Holz will be directed to cure the following if he wishes to pursue his claims.  Any papers that Mr. Holz files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) ___ is not submitted
(2) ___ is missing affidavit
(3) ___ is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4) ___ is missing certified statement showing current balance in prison account
(5) ___ is missing required financial information
(6) ___ is missing an original signature by the prisoner
(7) _X_ is not on proper form (must use and complete the court's current form revised 10/01/12 with Authorization and Certificate of Prison Official)
(8) ___ names in caption do not match names in caption of complaint, petition or habeas application
(9) ___ An original and a copy have not been received by the court.

|       |     | Only an original has been received. |
|-------|-----|-------------------------------------|
| (10)  | X   | other: Mr. Holz must pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) if he does not file a 28 U.S.C. § 1915 motion. |

**Complaint, Petition or Application**:
| (11) | __ | is not submitted |
| (12) | X  | is not on proper form (must use the court's Prisoner Complaint form) |
| (13) | __ | is missing an original signature by the prisoner |
| (14) | __ | is missing page nos. __ |
| (15) | __ | uses et al. instead of listing all parties in caption |
| (16) | __ | An original and a copy have not been received by the court. Only an original has been received. |
| (17) | __ | Sufficient copies to serve each defendant/respondent have not been received by the court. |
| (18) | __ | names in caption do not match names in text |
| (19) | __ | other: __ |

Accordingly, it is

ORDERED that the action is construed as a civil rights action filed pursuant to *Bivens* and § 1331, rather than a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that Applicant, Timothy Edward Holz, cure the deficiencies designated above **within thirty days from the date of this order**. Any papers that Mr. Holz files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Mr. Holz shall obtain the court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Holz fails to cure the designated deficiencies **within thirty days from the date of this order**, the action will be dismissed without

further notice.

DATED October 9, 2013, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge