IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02716-BNB

TIMOTHY EDWARD HOLZ,

    Applicant,

v.

CHARLES A. DANIELS, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Timothy Edward Holz, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. He initiated this action by submitting *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3) together with a certified account statement.

Magistrate Judge Boyd N. Boland reviewed the habeas corpus application and determined Mr. Holz was asserting civil rights claims rather than habeas corpus claims. Mr. Holz complains in the application that Respondents violated his equal protection and due process rights by refusing to provide him with requested legal material (claim one) and violated his Eighth Amendment rights by being deliberately indifferent to his safety (claim two). For relief, he asks to be placed in a "suitable state prison facility that does not suffer overcrowding issues" (ECF No. 1 at 17), among other relief.

On October 9, 2013, Magistrate Judge Boland entered an order (ECF No. 5) directing Mr. Holz to cure certain enumerated deficiencies in the documents he filed. Magistrate Judge Boland explained that "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). He further explained it is well established in the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) that § 2241 is an improper vehicle for a prisoner to challenge the conditions of his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). He pointed out that a federal prisoner's challenge to his conditions of confinement generally is cognizable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). Magistrate Judge Boland noted that Mr. Holz is challenging the conditions of his confinement.

Magistrate Judge Boland directed Mr. Holz to submit his claims on a Prisoner Complaint and file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 for a *Bivens* action. The October 9 order directed Mr. Holz to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The October 9 order warned Mr. Holz that, if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

Instead of curing the designated deficiencies as directed, Mr. Holz on October

15, 2013, filed an interlocutory appeal (ECF Nos. 6, 7) from the October 9 order. On October 22, 2013, the Tenth Circuit dismissed the appeal for lack of jurisdiction. ECF No. 10 at 1.

Mr. Holz has failed within the time allowed to cure the designated deficiencies as directed, or otherwise to communicate with the Court in any way. Therefore, the action will be dismissed without prejudice for Mr. Holz's failure to cure the designated deficiencies as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Holz files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Timothy Edward Holz, within the time allowed, to cure the deficiencies designated in the order to cure of October 9, 2013, and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED November 15, 2013, at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court